STATE v. GEORGE M. HUNT and Others.

December 7, 1898.

Nos. 11,469—(23).

Taxes—Amount Assessed—Meaning of Figures—Dollars and Cents.
    The blank on which a certain record was written had a column headed "Dollars," and another headed "Cts." A red line separated these two columns, and the word "Cts." was erased with a pen; "560" and "1860" were written with the last figure of each number to the right of the red line and the other figures to the left of it. *Held*, under the circumstances recited in the opinion, these numbers should be read $560 and $1,860, respectively, and not $56 and $186.

In proceedings in the district court for Hennepin county to enforce payment of delinquent real-estate taxes for the year 1897, the defendants filed objections to that part of the tax claimed as "park assessment," on the ground that the amount of the assessment against their lots was so indefinite and uncertain that it is void; or, if not void, then the total amount of the assessment against lot 2 is $56 instead of $560, as claimed, and that the amount against lot 23 is $18.60 instead of $1,860, claimed.

At the hearing of the objections the court, Harrison, J., sustained the tax for the whole amount claimed, and at the request of defendants certified the facts and the following questions to the supreme court:

1. Is the amount so assessed against said lots 2 and 23 for Co-

lumbia Park assessment sufficiently definite and certain to be valid?

2. What is the amount assessed against each of the lots 2 and 23 for Columbia Park assessment, as shown by the report of the assessors? Affirmed.

*M. O. Little* and *Little & Salmon*, for defendants.

*H. W. Childs*, Attorney General, and *James A. Peterson*, County Attorney, for plaintiff.

CANTY, J.

In proceedings to acquire land for Columbia Park, in Minneapolis, the board of park commissioners determined that a certain percentage of the cost thereof should be assessed on the surrounding land, and park assessors were appointed to assess the same, as provided by Sp. Laws 1889, c. 30, § 6. The assessors made their report, in which lots 2 and 23 of Auditor's subdivision No. 34 are assessed, and the report was duly confirmed by the court. The statute provides that one-tenth of the amount so assessed shall be levied as a tax on the land each year until the whole sum is paid. This proceeding is an application for judgment for such tax for the year 1897. Defendants, the owners of said lots 2 and 23, appeared and answered.

The questions in controversy are whether, on the face of the report, the total amount so assessed against lot 2 is $56 or $560, and whether the total amount so assessed against lot 23 is $186 or $1,860. The ambiguity arises from the fact that the blank on which the report is made had a column headed "Dollars," and another column headed "Cts." The two columns are separated by a red line, and the amount of the assessment in each instance is written with the last figure of the amount to the right of the red line and the other figures to the left of it, thus: $\frac{56}{186}\Big|\frac{00}{00}$ but the word "Cts." was erased with a pen from the head of the right-hand column. These two columns contained also the sums set in the same manner opposite several other descriptions, and the total amount of the figures in these columns was added up at the bottom, and written wholly to the left of the red line as "3,360." Defendants contend that only the figures to the left of the red line

should be read dollars, and the figures to the right of that line should be read cents. We cannot so hold. It is customary to use, not one, but two figures to express cents. Again, the word "Cts." was erased from the top of the column, which left nothing over the column of numbers to show what they denoted, except the word "Dollars."

We are of the opinion that the court below correctly interpreted the amount for which lot 2 was assessed to be $560, and the amount for which lot 23 was assessed to be $1,860, and that the assessment against each is sufficiently definite and certain to be valid. This answers the questions certified to this court, and the order of the court below is affirmed.